# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 10, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TAMMY R. BOGLE,**
**Claimant Below, Petitioner**

**vs.)   No. 17-0034** (BOR Appeal No. 2051357)
(Claim No. 2015018045)

**BLUEFIELD REGIONAL MEDICAL CENTER,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Tammy R. Bogle, by Reginald D. Henry her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Bluefield Regional Medical Center, by Mark J. Grigoraci its attorney, filed a timely response.

The issue on appeal is whether temporary total disability benefits should be granted in this claim. This appeal originated from the June 2, 2015, claims administrator's decision closing the claim for temporary total disability benefits and the November 6, 2015, claims administrator's decision denying the request to reopen the claim for temporary total disability benefits. In its June 2, 2016, Order, the Workers' Compensation Office of Judges affirmed the claims administrator's decisions. The Board of Review's Final Order dated December 16, 2016, affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Tammy R. Bogle, a registered nurse, was injured in the course of her employment on January 4, 2015, when she was attempting to lift a patient and felt pain in her lower back, tailbone, and buttocks. Ms. Bogle proceeded to the emergency room and underwent x-rays of the sacrum and coccyx, which failed to reveal the presence of an acute osseous abnormality. X-rays of the lumbar spine revealed mild lumbar spondylosis and atherosclerotic disease but no acute

osseous injury. An Employees' and Physicians' Report of Occupational Injury was completed and the physician's section listed the diagnoses as myofascial lumbar strain and acute low back pain. On February 10, 2015, the claims administrator held the claim compensable for the diagnosis of lumbar sprain. The claims administrator granted temporary total disability benefits for the period of January 4, 2015, through March 7, 2015.

Ms. Bogle subsequently underwent a lumbar MRI on February 13, 2015, which revealed no significant spinal stenosis, neuroforaminal narrowing, discrete disc herniation, or subluxation. Ms. Bogle was diagnosed as suffering from mild degenerative disc disease. Ms. Bogle sought treatment from Heip Le, D.O., for complaints of acute low back pain. On March 4, 2015, Dr. Le examined Ms. Bogle, who was tearful as she described her pain as moderate to severe. Ms. Bogle represented that any type of movement or seating made her pain worse. Dr. Le was unable to do any kind of musculoskeletal examination due to Ms. Bogle's discomfort. Ms. Bogle refused to sit or lay down on the table in order to be examined. Dr. Le noted that it was very difficult to determine why Ms. Bogle was having such severe pain without a musculoskeletal examination. Dr. Le reviewed the lumbar MRI and noted that it was unremarkable. Dr. Le referred Ms. Bogle for physical therapy. Ms. Bogle requested a referral to a neurosurgeon and Dr. Le stated that he opposed this as he did not anticipate any surgery being warranted. Nevertheless, Dr. Le requested that Ms. Bogle be approved to see a neurosurgeon for a second opinion given her continued back pain. Dr. Le released Ms. Bogle to return to work on May 23, 2015, without restrictions.

On May 28, 2015, Ms. Bogle underwent an independent medical evaluation performed by Robert Kropac, M.D., an orthopedic surgeon. At the time of evaluation, Ms. Bogle reported constant low back pain which increased with her daily activities. As part of the evaluation, Dr. Kropac reviewed Ms. Bogle's clinical history, which included a report from the office of John H. Schmidt, III, M.D., dated April 29, 2015. Dr. Schmidt had examined Ms. Bogle and diagnosed her as suffering from lumbosacral spondylosis and lumbosacral strain. Dr. Schmidt saw no evidence for surgical intervention. After reviewing the medical history, Dr. Kropac performed a physical examination and found that Ms. Bogle's range of motion was restricted due to increased low back pain. Ms. Bogle exhibited normal strength and Dr. Kropac saw no evidence of atrophy. Dr. Kropac concluded that Ms. Bogle suffered from a thoracic strain, which had resolved, and a lumbosacral strain secondary to her compensable injury. Dr. Kropac found that Ms. Bogle had reached her maximum medical improvement.

On June 1, 2015, Ms. Bogle sought treatment from a nurse practitioner, Kerri Jackson, for complaints of low back pain, numbness, a cold feeling in her legs, and pain in her buttocks. Ms. Bogle expressed to Ms. Jackson that her recent MRI revealed a bulging disc. Ms. Bogle also noted that she had recently felt a "burst" sensation in her low back and that her right leg became numb afterwards. Ms. Jackson diagnosed hypertension, back pain, pain in limb, numbness, and edema. On June 2, 2015, the claims administrator closed the claim for temporary total disability benefits. Ms. Bogle timely protested this Order. On June 18, 2015, Ms. Bogle sought treatment at the Carilion Clinic with complaints of low back pain. Ms. Bogle represented that she experienced an exacerbation two days prior with pain radiating to her left leg. Ms. Bogle underwent an x-ray which failed to reveal a fracture or dislocation.

Ms. Bogle's symptoms continued and she underwent a second MRI of the lumbar spine on July 14, 2015. The MRI was interpreted as revealing mild degenerative disc dehydration changes at L4-5 and L5-S1 with mild L4-5 left lateral posterior disc bulging and slight flattening of the undersurface of the left nerve root sleeve. On August 31, 2015, Ms. Bogle completed a petition to reopen the claim for additional temporary total disability benefits. Ms. Bogle did not specify the time period she believed herself to be temporarily and totally disabled. The physician's portion of the application was signed by Ms. Jackson on October 9, 2015. Ms. Jackson diagnosed Ms. Bogle as suffering from back pain and abnormal gait. Ms. Jackson did not suggest that Ms. Bogle experienced an aggravation or progression in her compensable injury but only that Ms. Bogle had not been released to return to work and that she was temporarily and totally disabled from January 5, 2015, to present. On November 6, 2015, the claims administrator denied the request to reopen the claim for temporary total disability benefits. It also denied a request to add low back pain, sciatica, and abnormal gait as compensable conditions in the claim. On January 26, 2016, it denied a request to add left-sided low back pain with sciatica, bulging lumbar disc, numbness in feet, spasm of muscle, right-sided low back pain with sciatica, annular tears of the lumbar disc, and flattening of the nerve root sleeve as compensable conditions of the claim.[1]

On January 4, 2016, Ms. Bogle returned to the Carilion Clinic with complaints of chronic back pain with a worsening onset of five days. Ms. Bogle expressed that she had been told that she had multiple bulging discs and had been undergoing physical therapy to treat her symptoms. Ms. Bogle was diagnosed with right sciatica and right-sided low back pain with right-sided sciatica. Subsequently, on January 18, 2016, Ms. Jackson completed a second diagnosis update in which she requested that the diagnoses of left-sided low back pain with sciatica, bulging lumbar disc, numbness in feet, spasm of muscle, right-side low back pain with sciatica, annular tears of the lumbar disc, and flattening of the nerve root sleeve be included as compensable conditions of the claim. The following day, Ms. Jackson stated that Ms. Bogle had not been released to return to work and that she remained temporarily and totally disabled due to her compensable injury. Ms. Jackson recommended additional diagnostic testing.

On June 2, 2016, the Office of Judges affirmed the claims administrator's decisions closing the claim for temporary total disability benefits and denying the request to reopen the claim for temporary total disability benefits. The Office of Judges noted that the claim was initially held compensable for the diagnosis of lumbar sprain and there is no indication that any other diagnosis has been approved under the claim. The Office of Judges expressed that Ms. Bogle underwent substantial diagnostic testing which, in the opinion of competent medical professionals, has failed to reveal the presence of a surgically correctable lesion. In fact, both Dr. Le and Dr. Schmidt opined that Ms. Bogle was not a surgical candidate. Dr. Kropac noted in his report that Ms. Bogle presented only subjective residuals as a result of her compensable injury.

---

[1] Ms. Bogle appealed both the November 6, 2015, and January 26, 2016, decisions. The Court addressed those issues in *Tammy R. Bogle v. Bluefield Regional Medical Center*, No. 17-0032, 2017 WL ___ (W.Va. ___) (memorandum decision)

3

The Office of Judges noted that Ms. Jackson was the one to author the diagnosis update and indicated that the evidence does not show that she is a physician. Both Dr. Le and Dr. Kropac opined that Ms. Bogle had reached maximum medical improvement. Also, Ms. Jackson's petition to reopen did not suggest an aggravation or progression of the compensable injury. The Office of Judges found that a preponderance of the medical evidence supports the conclusion that Ms. Bogle reached her maximum medical improvement by May 28, 2015. The Office of Judges reiterated that the record contains no credible medical evidence that Ms. Bogle has sustained an aggravation or progression of her compensable lumbar sprain that would justify reopening the claim for additional temporary total disability benefits. Thus, the Office of Judges affirmed the claims administrator's decisions. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 16, 2016.

After review, we agree with the findings of fact and conclusions of law of the Office of Judges as affirmed by the Board of Review. Both Dr. Le and Dr. Kropac have opined that Ms. Bogle has reached maximum medical improvement. Dr. Le released Ms. Bogle to return to work without restrictions. Further, temporary total disability benefits are not warranted as no aggravation or progression of the lumbar sprain has been opined by physicians or proven by medical evidence.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 10, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker